UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESUS NAVARRO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NAPHCARE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.  3:24-cv-00597-MMD-CSD<br><br>ORDER |

**I.　　DISCUSSION**

On August 15, 2025, the Court issued a screening order allowing Plaintiff's claims to proceed against Defendant Naphcare and dismissing Plaintiff's claims against individual Defendants without prejudice and with leave to amend within 30 days. (ECF No. 7.) The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on Plaintiff's claims against Naphcare only. (*Id.* at 9.) Plaintiff has not filed an amended complaint. Pursuant to the screening order, this action will proceed only on Plaintiff's claims against Naphcare.

The screening order also deferred a decision on Plaintiff's application to proceed *in forma pauperis*. (*Id.* at 8.) Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

**II.　　CONCLUSION**

For the foregoing reasons, it is ordered that, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, the Washoe County Detention Center will forward payments from the account of **Jesus Navarro, #2410747** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the WCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the **Washoe County Detention Center, ATTN: Inmate Accounting, 911 East Parr Boulevard, Reno, NV 89512**.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915.

It is further ordered that pursuant to the Court's screening order (ECF No. 7), this action will proceed on Plaintiff's claims of inadequate medical care under the Fourteenth Amendment and medical negligence under Nevada state law against Defendant Naphcare only.

It is further ordered that the Clerk of Court **will issue** a summons for Defendant Naphcare, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will send** sufficient copies of the complaint (ECF No. 8) and this order to the U.S. Marshal for service on Defendant(s).

It is further ordered that the Clerk **will send** to Plaintiff **one (1)** USM-285 form. Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to Defendant Naphcare.

It is further ordered that within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and

- 2 -

which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

    It is further ordered that Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

DATED THIS 29th day of September 2025.

_____
United States Magistrate Judge

- 3 -