UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESUS NAVARRO,

    Plaintiff

v.

NAPHCARE, et al.,

    Defendants

Case No.: 3:24-cv-00597-MMD-CSD

**Order**

Re: ECF No. 24

NaphCare Nevada, LLC (mistakenly named by Plaintiff as NaphCare) moves to set aside the Clerk's entry of default and extend the deadline to respond to the complaint. (ECF Nos. 24, 24-1.) Plaintiff filed a response. (ECF No. 25.) NaphCare Nevada, LLC filed a reply. (ECF No. 27.)

For the reasons set forth below, NaphCare Nevada, LLC's motion is granted.

**I. BACKGROUND**

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), who brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 concerning events that occurred while he was in custody at the Washoe County Detention Facility (WCDF). The court screened Plaintiff's complaint and allowed him to proceed with a claim for inadequate medical care under the Fourteenth Amendment as well as a medical negligence claim against Naphcare. Plaintiff alleges that Naphcare deliberately hires too few people to provide timely medical treatment to inmates at WCDF, and Naphcare staff knew Plaintiff had a broken clavicle, but caused Plaintiff to wait 40 days before receiving treatment. (ECF No. 7.)

Plaintiff was required to fill out a USM-285 form and return it to the U.S. Marshal for service on Naphcare. (ECF No. 11.) The summons was returned executed, indicating that Naphcare was served on October 24, 2025, by providing the summons and complaint to an individual named Ginger Formen at 2090 Columbiana Road, Suite 4000, in Birmingham, Alabama. (ECF No. 14.)

On February 3, 2026, Plaintiff filed a motion requesting the entry of default as to Naphcare. (ECF No. 19.) The court granted the motion for the entry of Clerk's default as to Naphcare on February 24, 2026. (ECF Nos. 22, 23.)

On February 27, 2026, NaphCare Nevada, LLC moved to set aside the entry of default and to extend the deadline to respond to the complaint to March 20, 2026. (ECF No. 24.) According to NaphCare Nevada, LLC, the default should be set aside because service of the summons and complaint was not proper; it has meritorious defenses; and Plaintiff will not be prejudiced if the default is set aside.

## II. DISCUSSION

The court may set aside an entry of default or default judgment for good cause. Fed. R. Civ. P. 55(c).

The court should look at three factors when determining to set aside default: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it has a meritorious defense; or (3) prejudice to the other party. *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

First, a defendant engages in culpable conduct when it "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan. v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis original) (citations and

internal quotation marks omitted), *overruled in part on other grounds in Egelhoff v. Efelhoff ex rel. Breiner*, 532 U.S. 141 (2000).

Here, NaphCare Nevada, LLC argues that it did not engage in culpable conduct and did not intentionally fail to answer as service was not proper.

An entity such as NaphCare Nevada, LLC, is served in the manner for serving an individual or by serving by mail an officer, managing or general agent, or other agent authorized by appointment or law. Fed. R. Civ. P. 4(h). Service of an individual, and therefore, an entity, is accomplished by following state law; delivering the summons and the complaint personally; leaving a copy with someone of suitable age and discretion at the individual's dwelling or usual place of abode; or delivering a copy to the agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e). Nevada law provides for service of entity by delivering the summons and complaint to: the registered agent or a member or manager of a limited liability company, or the agent authorized by appointment or law. Nev. R. Civ. P. 4.2(c)(1)(A).

According to NaphCare Nevada, LLC, Ginger Foremen is a pharmacy technician employed at NaphCare Pharmacy LLC. NaphCare LLC's registered agent for service of process is identified on the Nevada Secretary of State's website, and she was not served with the summons and complaint. (ECF No. 24-1.)

As to the first factor, the court finds that service was not properly effectuated as to NaphCare Nevada, LLC, and it did not engage in culpable conduct that led to the entry of default.

Second, the court finds that NaphCare Nevada, LLC may have meritorious defenses to assert in this action.

3

Finally, a finding of prejudice to the nonmoving party requires more than a simple delay in resolution of the case. *TCI*, 244 F.3d at 701. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment[.]" *TCI*, 244 F.3d at 701. Plaintiff will not be prejudiced because this case is in its infancy and any delay in pursuing and setting aside the default is minimal.

For these reasons, NaphCare Nevada, LLC's motion to set aside the default is granted. The court also finds it appropriate to extend the deadline to respond to the complaint to March 20, 2026.

### III. CONCLUSION

NaphCare Nevada, LLC's motion to set aside the entry of Clerk's default (ECF No. 24) is **GRANTED**. NaphCare Nevada, LLC shall file its answer or otherwise respond to the complaint on or before **March 20, 2026**.

**IT IS SO ORDERED**.

Dated: March 18, 2026

_____
Craig S. Denney
United States Magistrate Judge

4