UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESUS NAVARRO,

    Plaintiff

v.

NAPHCARE, et al.,

    Defendants

Case No.: 3:24-cv-00597-MMD-CSD

**ORDER**

Re: ECF No. 32

Before the court is Plaintiff's motion for leave to amend and proposed first amended complaint (FAC). (ECF Nos. 32, 32-1.) Defendant Napchare Nevada, LLC (NaphCare) filed a non-opposition. (ECF No. 34.)

For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff is an inmate in custody of the Nevada Department of Corrections (NDOC), however the events giving rise to this action took place while he was a detainee in the Washoe County Detention Facility (WCDF).

The court screened Plaintiff's original complaint and allowed him to proceed with a Fourteenth Amendment inadequate medical care claim and state law medical negligence claim against NaphCare. The claims are based on Plaintiff's allegations that he was arrested in August 2023, and he had a broken clavicle when he was transported to WCDF. However, it allegedly took 40 days for Plaintiff to be taken to the hospital for evaluation and treatment. The court liberally construed the complaint as alleging that NaphCare has a policy or custom of hiring insufficient staff to treat inmates at WCDF in a timely manner, and that NaphCare staff did not

bring Plaintiff to the hospital for evaluation for 40 days because they were so backed up due to a lack of staff. (ECF No. 7.)

Plaintiff now seeks leave to file his FAC which asserts: (1) a claim for excessive force in violation of the Fourth Amendment against John Doe Reno Police Department Officers 1-10 and RPD Chief Jane Doe 1;  (2) a claim for failure to provide adequate medical care in violation of the Fourteenth Amendment against defendant Nurse Jane Doe 2, NaphCare, and Washoe County Sheriff Balaam. (ECF No. 32-1.)

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

While NaphCare has apparently consented to the amendment through its non-opposition, the court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915A(b)(1) tracks

that language. As such, when reviewing the adequacy of a complaint under this statutes the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

**A. Fourth Amendment Excessive Force**

**1. RPD Officers John Does 1-10**

Plaintiff alleges that on August 31, 2023, RPD Officers John Does 1-10 arrested Plaintiff, and during the course of the arrest the officers broke Plaintiff's clavicle. He includes an allegation that they should have known that bones could be broken when they grabbed Plaintiff, put his hands behind his back, and put him face down into the ground.

3

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted).

To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

Plaintiff includes a blanket allegation that 10 John Doe RPD officers used excessive force in effectuating his arrest, but he does not include *facts* that show how each of the ten officers personally participated in the alleged use of excessive force. The only allegation about the conduct of a particular officer is that John Doe officer 3 arrived after Plaintiff had waited 15 to 20 minutes at the hospital and instructed two other John Doe officers to take Plaintiff to WCDF. This allegation, however, has nothing to do with the alleged use of excessive force.

Plaintiff's request to amend to add a Fourth Amendment excessive force claim against the ten John Doe RPD officers is denied. However, Plaintiff will be given *one* more opportunity to amend to attempt to state an excessive force claim against the John Doe RPD officers.

**2. Jane Doe 1 RPD Chief**

Plaintiff alleges that RPD Chief Jane Doe 1 failed to properly train and supervise officers in how to effectuate an arrest without breaking a citizen's bones.

There is no vicarious liability under section 1983, meaning that a supervisor cannot be liable for the actions of her subordinates. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted); *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)), *overruled on other grounds in Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Snow,* 681 F.3d at 989 (quoting *Hansen*, 885 F.2d at 646).

The causal connection can include: "1) [the supervisor's] own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) conduct that showed a reckless or callous indifference to the rights of others." *Lemire v. Cal. Dep't of Corr.*, 726 F.3d 1062, 1085 (9th Cir. 2013) (citations and internal quotation marks omitted).

"The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or should have known would cause others to inflict a constitutional injury." *Id*. (citation and quotation marks omitted).

In addition, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of a constitutional violation.'" *Crowley v. Bannister,* 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Hansen*, 885 F.2d at 646) (internal quotation marks omitted).

A city's failure to train its employees "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). There must be a direct causal link between the failure to train and the injury suffered by the plaintiff. *Id.* at 391.

Deliberate indifference requires a "showing that the facts available to the [defendant] put it on actual or constructive notice that its practices … were substantially certain to result in the violation of the constitutional rights of [its] citizens." *Sandoval v. County of San Diego*, 985 F.3d 657, 682 (9th Cir. 2021) (citation and quotation marks omitted).

"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62 (citation and quotation marks omitted); *see also Hyde v. City of Willcox*, 23 F.4th 863, 874-75 (9th Cir. 2022) ("While deliberate indifference can be inferred from a single incident 'when the unconstitutional consequences of failing to train' are patently obvious, …, an inadequate training policy itself cannot be inferred from a single incident.").

At the pleading stage, a claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts" to provide the opposing party with

6

fair notice to defend itself. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citation and quotation marks omitted).

There is no allegation that RPD Chief Jane Doe 1 participated personally in the alleged use of excessive force. Nor are there sufficient *factual* allegations to support a claim based on an alleged failure to train. Plaintiff includes a single conclusory allegation that the police chief failed to train officers to complete an arrest without breaking the arrestee's bones. There are no factual allegations of a pattern of similar violations, or facts giving rise to a claim of deliberate indifference from a single incident.

Therefore, Plaintiff's request to amend to add a failure to train claim against the Jane Doe 2 RPD Chief is denied. Plaintiff will be given *one* more opportunity to amend in this regard.

**B. Fourteenth Amendment Inadequate Medical Care**

Pretrial detainees have a right to adequate medical treatment that arises from the Fourteenth Amendment. *Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021) (citation omitted). Such claims are evaluated under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). The elements of such a claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at a substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 1125.

///

///

7

**1. Nurse Jane Doe 2**

Plaintiff alleges that after he was transported to WCDF, he told Nurse Jane Doe 2 that he had a broken clavicle that was causing him great pain and had not been treated. She allegedly responded, "it sucks being you." Plaintiff was unable to sleep, was in great pain, and had difficulty with daily activities as a result of his condition. He did not receive treatment for his broken clavicle for 40 days.

Liberally construing the FAC, Plaintiff told Nurse Jane Doe 2 of his broken clavicle, but she did not evaluate him or request that he be transported back to the hospital for treatment, causing him to suffer in pain until he eventually received treatment 40 days later. Based on her alleged response to being informed of his broken clavicle, Plaintiff plausibly alleges that Nurse Jane Doe 2 made an intentional decision to deny Plaintiff medical care for his broken clavicle.

Plaintiff may proceed with his Fourteenth Amendment inadequate medical care claim against Nurse Jane Doe 2 in the FAC, when he identifies her.

**2. NaphCare**

In contrast to the original complaint, Plaintiff's only allegation against NaphCare is that it is contracted to provide medical care to inmates at the WCDF.

For claims brought pursuant to section 1983, a private entity such as NaphCare, that is alleged to have contracted to provide medical care to inmates at WCDF, is treated like a municipality and is subject to the requirements for asserting a claim against a municipality as set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) ("the requirements of *Monell* do apply to suits against private entities [acting under color of state law] under § 1983"); *Denson v. Gillespie,* No. 2:10-cv-00525-APG-VCF, 2015 WL 56037, at *2 (D. Nev. Jan. 5, 2015).

A municipality may not be held liable under § 1983 on a *respondeat superior* theory, which means that a municipality may not be held liable merely because it employed someone who violated someone's civil rights. *Monell*, 436 U.S. at 690-91. Thus, Naphcare may not be held liable merely because it employs someone who allegedly violated Plaintiff's constitutional rights.

"[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional violation." *City of Canton,* 489 U.S. at 385.

Plaintiff does not state any colorable claim for relief against NaphCare in the FAC as the FAC contains no allegations regarding a policy, practice or custom, or failure to train that was a direct cause of Plaintiff's injuries.

Therefore, Plaintiff's request to amend to assert a claim in the FAC against NaphCare is denied. Plaintiff will be given *one* final opportunity to amend to attempt to state a claim against NaphCare.

**3. Sheriff Balaam**

Plaintiff alleges that Sheriff Balaam failed to properly train and supervise Nurse Jane Doe 2 by instructing her that when an inmate has a broken bone, he should be evaluated or a request for transfer to a hospital for treatment should be submitted.

Plaintiff does not state a colorable claim for relief against Sheriff Balaam. There is no allegation that Sheriff Balaam personally participated in the denial of adequate medical care at WCDF. Nor are there sufficient *factual* allegations to support a claim based on an alleged failure

9

to train based on the standard outlined above. Therefore, Plaintiff's request to amend in this regard is denied. Plaintiff will be given *one* final opportunity to amend to attempt to state a claim against Sheriff Balaam.

### IV. CONCLUSION

Plaintiff's motion for leave to amend (ECF No. 32) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

(1) The Clerk shall **FILE** the FAC (ECF No. 32-1);

(2) Plaintiff may **PROCEED** with his Fourteenth Amendment inadequate medical care claim against Nurse Jane Doe 2 once he identifies her;

(3) Plaintiff's claims in the FAC against the John Doe 1-10 RPD officers, Jane Doe 1 RPD Chief, NaphCare, and Sheriff Balaam are **DISMISSED**; however, Plaintiff has **21 days** from the date of this Order to file a second amended complaint that attempts to state a claim for excessive force against the John Doe 1-10 RPD officers and Jane Doe 1 RPD Chief, as well as a Fourteenth Amendment inadequate medical care claim against NaphCare and Sheriff Balaam (along with the claim against Nurse Jane Doe 2). The second amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading  the second amended complaint. If Plaintiff fails to timely file a second amended complaint, this action will proceed only with the Fourteenth Amendment inadequate medical care claim against Nurse Jane Doe 2, once she is identified.

(4) During the period of time within which Plaintiff has to file a second amended complaint, Plaintiff may serve discovery on NaphCare to attempt to obtain the identity of Nurse Jane Doe 2 who allegedly denied him evaluation or treatment for his broken clavicle on or around August 21, 2023.

Dated: April 22, 2026

_____
Craig S. Denney
United States Magistrate Judge

11