UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JESUS NAVARRO,<br><br>Plaintiff,<br>v.<br><br>NAPHCARE, *et al,*,<br><br>Defendants. | Case No. 3:24-cv-00597-MMD-CSD<br><br>ORDER |

## I. INTRODUCTION

*Pro se* Plaintiff Jesus Navarro, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights action under 42 U.S.C. § 1983, arising from events that took place while Navarro was being arrested and subsequently detained at the Washoe County Jail. (ECF No. 41.) The Court screened Navarro's First Amended Complaint ("FAC") and gave him leave to file a second amended complaint to attempt to state two claims. (ECF No. 38.) Before the Court is United States Magistrate Judge Craig S. Denney's Report and Recommendation (ECF No. 47 ("R&R")), screening Plaintiff's proposed Second Amended Complaint (ECF No. 41 ("SAC")) and recommending that the Court dismiss with prejudice Plaintiff's Fourth Amendment excessive force claim against Defendant Reno Police Department Chief Kathryn Nance ("Chief Nance") and the Fourteenth Amendment inadequate medical care claim against Defendant Sheriff Balaam ("Sheriff Balaam"). (ECF No. 49 at 2.) Navarro filed an objection. (ECF No. 49 ("Objection").) As further explained below, the Court overrules Navarro's Objection and adopts the R&R in full.

## II. RELEVANT BACKGROUND

The Court incorporates by reference Judge Denney's recitation of the factual background of this case (ECF No. 49 at 5-6) and does not recite it here. After screening

the SAC, Judge Denney recommends allowing Navarro to proceed with (1) his Fourth Amendment excessive force claim against John Doe RPD Officers 1-3, (2) his Fourth Amendment post-arrest inadequate medical care claim against John Doe RPD Officers 2 and 3, and (3) Fourteenth Amendment inadequate medical care claim against Nurse Jane Doe 1. (*Id.* at 6, 9, 10-11.) Judge Denney also found that, even with leave to amend the claims against Chief Nance and Sheriff Balaam, the SAC still failed to allege violations by either Defendant. (ECF No. 47 at 9, 11.) Therefore, Judge Denney recommended dismissing with prejudice (1) the excessive force claim against Chief Nance and (2) the inadequate medical care claim against Sheriff Balaam.[1] Navarro now objects to these recommendations. (*Id.* at 3, 4.)

## III. DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Navarro filed his Objection.

### A. Excessive Force Claim Against Chief Nance

Judge Denney recommends dismissal of the Fourth Amendment excessive force claim against Chief Nance because Navarro failed to allege sufficient facts that Chief Nance failed to train and supervise the RPD officers. (ECF No. 47 at 7.) The Court agrees.

---

[1]Judge Denney recommends dismissing without prejudice (1) the Fourth Amendment excessive force claims against John and Jane Doe RPD Officers 4-10, (2) the Fourth Amendment post-arrest inadequate medical care claim against John and Jane Doe RPD Officers 1 and 4-10, and (3) the inadequate medical care claim against Nurse John and Jane Does 2-10. (ECF No. 47 at 13-14.) Judge Denney also found that Navarro failed to state any claims against NaphCare. (*Id.* at 12.) Because Navarro only objects to the dismissal of his claims against Chief Nance and Sheriff Balaam, the Court accordingly only reviews the R&R as to these claims and agrees with the Magistrate's recommendations as to the others.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Moreover, particular care is taken in reviewing the pleadings of a pro se party, for a more forgiving standard applies to litigants not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A liberal construction may not be used to supply an essential element of the claim not initially pled. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Here, even construing Navarro's allegations together and liberally, the allegations against Chief Nance are conclusory and are insufficient to rise above the speculative level. "A supervisor [like Chief Nance] may be liable [for 1983 violations by her subordinates] only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc). However, Navarro fails to allege any facts showing that Chief Nance personally participated in the alleged use of excessive force. Moreover, Navarro alleges several deficiencies in Chief Nance's training,[2] but fails to allege facts establishing a "'sufficient causal connection'" between her training and the use of excessive force. *Snow*, 681 F.3d at 989. The Court thus agrees with Judge Denney that dismissal is warranted. Leave to amend is also inappropriate because, as found by Judge Denney, Navarro has had

[2]Navarro alleges Chief Nance: (1) failed to train officers on when to use a police car as a "weapon to justify stopping a motorcycle," (2) failed to train officers on when a person who has been arrested requires medical attention, and (3) that Chief Nance has a custom of allowing patrol officers to "decide for themselves" when to use their vehicles to cause severe injury when arresting individuals. (ECF No. 41 at 3.)

multiple opportunities to amend his complaint to state a claim against Chief Nance and has failed to do so. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (finding that leave to amend is not appropriate when a complaint cannot be cured by amendment).

**B. Inadequate Medical Care Claim Against Sheriff Balaam**

Judge Denney similarly recommends dismissal of the Fourteenth Amendment inadequate medical care claim against Sheriff Balaam because Navarro failed to allege sufficient facts demonstrating how Sheriff Balaam failed to train medical personnel at the jail. (ECF No. 47 at 11.) Once again, the Court agrees.

Applying the same standard from *Snow*, Navarro fails to allege any facts demonstrating that Sheriff Balaam personally participated in providing inadequate medical care. 681 F.3d at 989. Moreover, Navarro fails to state facts demonstrating a causal connection between Sheriff Balaam's actions to Navarro's inadequate medical care.[3] *See Snow*, 681 F.3d at 989. Accordingly, Judge Denney is correct in his determination that Navarro fails to state a claim upon which relief can be granted and leave to amend is inappropriate given Navarro's prior opportunities to amend his complaint. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In sum, the Court agrees with Judge Denney's recommendations to dismiss the claims against Chief Nance and Sheriff Balaam with prejudice, as amendment is futile.

**III. CONCLUSION**

It is therefore ordered that Navarro's Objection (ECF No. 49) to Judge Denney's Report and Recommendation (ECF No. 47) is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 47) is adopted in full.

The Court thus dismisses certain claims in the Second Amended Complaint as

---

[3]Navarro alleges that Sheriff Balaam "knew or should have known" that Nurse Jane Doe 1 was not following the terms of the contract NaphCare had with Washoe County to provide medical screening to inmates. (ECF No. 41 at 10.) Navarro also alleges that Sheriff Balaam "knew or should have known" of the duty to train medical staff to provide medical care to inmates upon intake, and that he was denied treatment for over 40 days as a result of Sheriff Balaam's custom or policy to deny inmates medical care for as long as possible. (*Id.*)

follows: (1) the Fourth Amendment excessive force claim against Chief Nance is dismissed with prejudice; (2) the Fourteenth Amendment inadequate medical care claim against Sheriff Balaam is dismissed with prejudice; (3) the Fourth Amendment excessive force claim against John and Jane Doe Officers 4-10 is dismissed without prejudice; (4) the Fourth Amendment post-arrest inadequate medical care claim against John and Jane Doe RPD Officers 1 and 4-10 is dismissed without prejudice; (5) the Fourteenth Amendment inadequate medical care claim against Nurses John and Jane Does 2-10 are dismissed without prejudice; and (6), as Navarro does not state any claim against NaphCare, NaphCare is dismissed from this action.

In sum, Defendants Reno Police Department Chief Kathryn Nance, Sheriff Darin Balaam, and NaphCare are dismissed from this action.

The Court permits Navarro to proceed on the following claims in his Second Amended Complaint: the Fourth Amendment excessive force claim against John Doe RPD Officers 1-3 when Navarro identifies these defendants; the Fourteenth Amendment post-arrest inadequate medical care claim against John Doe RPD Officers 2 and 3 when Navarro learns their identities; and the Fourteenth Amendment detainee inadequate medical care claim against Nurse Jane Doe 1 when Navarro learns her identity.

Because the Court permits claims against only the above Doe defendants, Plaintiff will have 60 days from the date of this order to substitute in the true names for these Doe defendants. Failure to timely comply with this deadline will result in dismissal of this action without prejudice for Plaintiff to file a new action, under a new case number, when he learns the identifies of these Doe defendants.

DATED THIS 8th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE